## CIRCUIT COURT OF AMHERST COUNTY

Roger E. Campbell

v.

Aubrey Faulconer & Sons, Inc., et al.

June 8, 1995

Case No. 4532

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule upon the question of whether or not the statement of Alvin Christian given to a claims representative for the Defendants' insurance carrier on January 8, 1993, should be furnished to the Plaintiff pursuant to discovery requests.

Under the allegations of this case, the Plaintiff fell while a business invitee on the property of the Defendants. This fall allegedly occurred on December 7, 1992. The original counsel for the Plaintiff, Ralph E. Turpin, Jr., wrote to the Defendant Corporation on December 16, 1992, and indicated that the Plaintiff would be seeking compensation for the fall due to an unsafe condition on the premises. The insurance carrier of the Defendants then contacted Alvin Christian, an employee of Aubrey Faulconer & Sons at the time of the accident, who witnessed the fall. Alvin Christian gave a recorded statement to the senior claims representative of the Defendants' insurance carrier on January 8, 1993.

The Plaintiff maintains that he needs this statement in order to complete the proper discovery and prepare his case. Plaintiff took the deposition of Alvin Christian, and the Plaintiff maintains that Alvin Christian had lapses of memory about what actually happened on the day of the accident which would be clarified by the recorded statement that Alvin Christian gave on January 8, 1993.

The Defendants maintain that they should not be required to disclose this statement because it constitutes documents prepared in anticipation of litigation under Rule 4:1(b)(3) and that the Plaintiff does not have a

substantial need for the materials and that he is unable to show hardship to obtain the substantial equivalent of the materials.

The Defendants have furnished the Court with a copy of the statement of Alvin Christian given on January 8, 1993. The Court has reviewed this statement in camera. Additionally, the Defendants have furnished the Court with the affidavit of Teresa G. Davis, a Senior Claims Representative with Anthem Casualty Insurance Group, which indicated that the statement of Alvin Christian was taken as part of the liability investigation and for use in the anticipated litigation. The Court has marked this affidavit Defendants' Exhibit A with an exhibit date of June 6, 1995.

It is clear that the statement of Alvin Christian on January 8, 1993, was taken in anticipation of litigation. Therefore, in order for the Plaintiff to obtain these materials, Plaintiff must show under Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia that he has a substantial need for the materials in the preparation of his case and that he is unable without due hardship to obtain the substantial equivalent of the materials. The Plaintiff does not satisfy either of these factors. First, the Plaintiff has deposed Alvin Christian. Based on a review of the depositions, this Court cannot find that there is a substantial deficiency in the memory of Alvin Christian. Additionally, the Court has reviewed in camera the statement taken by the senior claims representative. This statement does not materially differ from the statements given in the deposition. Therefore, the Plaintiff has no undue hardship that is created by the failure to have possession of this statement.

Accordingly, the request of the Plaintiff for this statement is denied.